IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LOUISE YARBRA, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>FEDEX CUSTOM CRITICAL, INC., )<br>PROTECTIVE INSURANCE COMPANY )<br>And LAQUINTON BAUGH, )<br>)<br>  Defendants. )<br>_____ ) | Civil Action File No.:<br><br>_____ |

**DEFENDANT, LAQUINTON BAUGH'S, BRIEF IN SUPPORT
OF NOTICE OF REMOVAL**

COMES NOW Defendant LaQuinton Baugh (hereinafter referred to as "Defendant Baugh"), by and through his undersigned counsel, pursuant to 28 U.S.C. §§ 1332 and 1446, and file this Brief in Support of their Notice of Removal, and show to the Court as follows:

**PROCEDURAL BACKGROUND**

1. The Plaintiff, Louise Yarbra, filed this action in the State Court of Henry County, Georgia on February 7, 2019, against Defendants FedEx Custom Critical, Inc., Protective Insurance Company and LaQuinton Baugh. (See Complaint and all other related Henry County State Court filings attached hereto as Exhibit

'A').

2. The Plaintiff's Complaint, *inter alia*, alleges that the Defendants are liable to the Plaintiff for injuries allegedly sustained in a March 10, 2017, motor vehicle accident that occurred on I-75 near the I675 interchange in Henry County, Georgia. (See Complaint, ¶ 7).

3. Complete diversity exists between the Plaintiff, a Georgia citizen, and the Defendants. (See Complaint, generally, ¶¶ 2-5). Defendant Baugh is a citizen and resident of the State of Tennessee. (See Complaint ¶ 5). Defendant FedEx Custom Critical is an Ohio corporation with its principal place of business in Ohio. (See Complaint ¶ 2). Defendant Protective Insurance Company is a non-resident insurance corporation residing in Indiana with its principal place of business in Indiana, but conducting business in the State of Georgia. (See Complaint ¶ 4).[1]

4. In the Plaintiff's Complaint the Plaintiff alleged that she has incurred past medical expenses in excess of $117,000.00 and makes claim for such damages. (See Plaintiff's Complaint, ¶ 45). Further, Plaintiff also served a demand upon the Defendants requesting a settlement in the amount of $1,800,000.00. (See Plaintiff's demand attached hereto as Exhibit 'B').

---

[1] Plaintiff did serve her Complaint on AllState Insurance Company, her uninsured/underinsured motorist insurance carrier as an unnamed party.

5.      This Notice of Removal is filed by this Defendant within thirty (30) days from the date on which this action became removable and within one year of the filing of the Plaintiff's Complaint.

6.      Defendant LaQuinton Baugh represents to this Honorable Court that true and correct copies of all process, pleadings, orders served by or upon the Defendants in this case are attached in conformity with the requirements of 28 U.S.C. § 1446(a).  (See Exhibit 'A').  Defendant Baugh further represents to this Court that there are no other process, pleadings or orders properly served upon the Defendants to date in this case that have not been attached hereto.

7.      Defendant Baugh represents to this Honorable Court that written notice of the filing of this Notice of Removal and a copy of this Notice of Removal have been served upon the Plaintiff, by and through her counsel of record, contemporaneous with this filing.  (See Notice of Filing of Notice of Removal served contemporaneously herewith, a true and correct copy of which is attached hereto as Exhibit 'C').

8.      The United States District Court for the Northern District of Georgia, Atlanta Division, is the Court and division embracing the place where this action is pending in the State Court of Fulton County.  No Defendant heretofore has sought similar relief in this action.

9.      Defendant Baugh has prepared an Answer to the Plaintiff's Complaint. (See Defendant Baugh's proposed Answer to the Plaintiff's Complaint attached hereto as Exhibit 'D'). Further, Defendants FedEx Custom Critical and Protective Insurance Company have consented to the removal of this case. (See Exhibits 'E' and 'F'). Lastly, Defendants FedEx Custom Critical and Protective Insurance Company have provided their proposed Answers to the Plaintiff's Complaint. (See Exhibits 'G' and 'H', respectively).

## ARGUMENT AND CITATION OF AUTHORITY

**A. This Court Has Original Jurisdiction Of This Cause Of Action Pursuant To 28 U.S.C. § 1332 And Is Removable According To 28 U.S.C. § 1441.**

This cause of action is properly removable under 28 U.S.C. § 1441(a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part:

> "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States…"

See 28 U.S.C. § 1332(a).

Defendant show this Honorable Court that complete diversity exists among the Plaintiff and the Defendants and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

1. **<u>There is complete diversity.</u>**

It is undisputed that there is complete diversity among the parties in this cause of action. Plaintiff is a citizen and resident of the state of Georgia. (See Plaintiff's Complaint, ¶ 1). Defendant LaQuinton Baugh is a resident of the State of Tennessee. (See Complaint ¶ 5). Defendant FedEx Custom Critical is an Ohio corporation with its principal place of business in Ohio. (See Complaint ¶ 2). Defendant Protective Insurance Company is a non-resident insurance corporation residing in Indiana with its principal place of business in Indiana, but conducting business in the State of Georgia. (See Complaint ¶ 4).

Accordingly, complete diversity exists in this cause of action such that removal is proper.

2. **<u>The amount in controversy exceeds $75,000.00.</u>**

In the Plaintiff's Complaint the Plaintiff alleged that she has incurred past medical expenses in excess of $117,000.00 and makes claim for such damages. (See Plaintiff's Complaint, ¶ 45). Further, Plaintiff also served a demand upon the Defendants requesting a settlement in the amount of $1,800,000.00. (See Plaintiff's demand attached hereto as Exhibit 'B').

Accordingly, the amount in controversy requirement has been satisfied.

B. **<u>Defendants Have Sought Removal Within Thirty (30) Days from the Date in Which the Case Became Removable.</u>**

A party must file a notice of removal of a civil action within thirty (30) days after the receipt of the initial pleading pursuant to 28 U.S.C. § 1446(b).  It is well settled that the defendant bears the burden of establishing that federal jurisdiction exists when the defendant seeks to remove a case to federal court.  <u>Williams v. Best Buy Co., Inc.</u>, 269 F. 3d 1316 (11th Cir. 2001).  The defendant seeking removal based on diversity jurisdiction must therefore establish diversity of citizenship and prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00.  <u>See</u> 28 U.S.C. § 1332.

Defendant Baugh was served with the Plaintiff's Complaint on February 19, 2019.  (See Sheriff's Entry of Service as to Defendant Baugh, a true and correct copy of which is attached as part of Exhibit 'A').  At this time, there is complete diversity because the Plaintiff is a Georgia citizen, Defendant Baugh is a Tennessee citizen, Defendant FedEx Custom Critical is an Ohio corporation with its principal place of business in Ohio and Defendant Protective Insurance Company is a non-resident insurance corporation residing in Indiana with its principal place of business in Indiana, but conducting business in the State of Georgia.  The Plaintiff's June 5, 2018 $1,800,000.00 demand to settle the claims raised in this matter to shows that the amount in controversy requirement is met.  (See Exhibit 'B').  Therefore,

Defendant Baugh asserts that the diversity of citizenship and the amount in controversy requirements for removal are clearly satisfied, thus making this case properly removable at this time.

## **CONCLUSION**

There is complete diversity of citizenship between the parties to this action, the amount in controversy has been established by a preponderance of the evidence and this case is being removed within thirty (30) days of the Plaintiff's service of her Complaint upon Defendant LaQuinton Baugh. Accordingly, this case is properly removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

WHEREFORE, Defendant LaQuinton Baugh asserts that pursuant to 28 U.S.C. § 1446 he has sought removal within thirty (30) days from the moment the action became removable. Defendants FedEx Custom Critical, Inc., and Protective Insurance Company both consent to the removal and have provided their consent and their proposed Answers. Accordingly, Defendant Baugh respectfully requests that this Court find that the amount in controversy has been satisfied and that jurisdiction is proper for this Court pursuant to 28 U.S.C. § 1332 and 1446. This Defendant further requests that this Court enter an Order REMOVING this action from the State Court for the County of Henry, State of Georgia, where it is now

pending, to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this the 21st day of March, 2019.

                                  Shires, Peake & Gottlieb, LLC

                                  */s/ Kevin T. Shires*
                                  KEVIN T. SHIRES
                                  State Bar No.: 643290

284 N. Main Street
Alpharetta, Georgia 30009
(678) 940-4413 (Direct)
(678) 940-4420 (Fax)
KShires@spgattorneys.com

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing document was prepared in accordance with N.D. Georgia Local Rule 5.1 and 7.1(D).  Specifically, counsel certifies that she has used 14-point Times New Roman as the font in these documents.

                                          Shires, Peake & Gottlieb, LLC

                                          */s/ Kevin T. Shires*
                                          KEVIN T. SHIRES
                                          State Bar No.: 643290

284 N. Main Street
Alpharetta, Georgia 30009
(678) 940-4413 (Direct)
(678) 940-4420 (Fax)
KShires@spgattorneys.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served opposing counsel, with the foregoing pleading by e-filing the same with the Court's EM/CEF system and by depositing a true and correct copy of the same in the United States Mail with adequate postage affixed thereon, and addressed as follows:

Tyler H. Bridgers, Esq.
The Simon Law Firm, P.C.
2860 Piedmont Road N.E., Suite 210
Atlanta, Georgia 30305

LaShawn Terry, Esq.
Law Office of Nancy W. Phillips
3200 Windy Hill Road SE, Suite 925E
Atlanta, Georgia 30339-8554

This 21st day of March, 2019.

Shires, Peake & Gottlieb, LLC

*/s/ Kevin T. Shires*
KEVIN T. SHIRES
State Bar No.: 643290

284 N. Main Street
Alpharetta, Georgia 30009
(678) 940-4413 (Direct)
(678) 940-4420 (Fax)
KShires@spgattorneys.com