**EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2019000182**
PEP
**FEB 07, 2019 12:03 PM**

*Michele B. Gardner*
Michele B. Gardner, Clerk of State Court
Henry County, Georgia

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| LOUISE YARBRA, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE NO. |
| FEDEX CUSTOM CRITICAL, INC., | ) | |
| PROTECTIVE INSURANCE | ) | |
| COMPANY, and LAQUINTON BAUGH | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

Plaintiff files this Complaint against Defendants FedEx Custom Critical, Inc., Protective Insurance Company and Laquinton Baugh as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff is a citizen of the State of Georgia and is subject to the jurisdiction and venue of this court.

2.

Defendant FedEx Custom Critical, Inc. ("Defendant FedEx") is a foreign corporation existing under the laws of the State of Ohio with its principal place of business in the State of Ohio, and is authorized to transact business in the State of Georgia, and may be served by delivering a copy of the Summons and Complaint on its registered agent for service, The Corporation Company, located at 112 North Main Street, Cumming, Georgia 30040. Defendant FedEx is subject to the jurisdiction of this Court.

3.

Defendant FedEx is engaged in business as an interstate motor carrier transporting goods for compensation and does business in Georgia, including in and through Henry County, Georgia.

4.

Defendant Protective Insurance Company ("Protective Insurance") is a foreign insurance company existing under the laws of the State of Indiana with its principal place of business in the State of Indiana, and is authorized to transact business in the State of Georgia, and may be served by delivering a copy of the Summons and Complaint on its registered agent for service, Linda Banks, located at 289 S. Culver Street, Lawrenceville, Georgia 30046. Defendant Protective Insurance is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 40-2-140.

5.

Defendant Laquinton Baugh ("Defendant Baugh") is a citizen of the State of Teneessee and resides in that state, is a nonresident motorist and may be served with second originals of the Summons and Complaint at his home address at 319 Gatewood Avenue, Nashville, Tennessee 37207, via certified mail, with a copy of process served upon the Georgia Secretary of State at 214 State Capitol, Atlanta, Georgia 30334 with the filing fee and the Affidavit of Compliance to be appended to the pleadings pursuant to O.C.G.A. § 40-12-2.  Defendant Baugh is subject to the jurisdiction of this Court.

6.

Jurisdiction and venue are proper in this Court pursuant to O.C.G.A. § 40-1-117, as the cause of action arose in Henry County.

## BACKGROUND

7.

On March 10, 2017, Plaintiff was riding as a passenger in a vehicle driven by her daughter in the northbound lanes of I-75 near the I-675 interchange in Henry County, Georgia.

8.

Simultaneously, Defendant Baugh was driving a 2011 Mack CXU tractor-trailer in the lane directly behind Plaintiff's vehicle.

9.

Suddenly and without warning, Defendant Baugh struck the rear of Plaintiff's vehicle, causing a collision.

10.

The force of the impact destroyed Plaintiff's vehicle, and Plaintiff was taken by ambulance from the scene of the crash.

## COUNT I – NEGLIGENCE PER SE OF DEFENDANT LAQUINTON BAUGH

11.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 10 above as if fully restated.

12.

At the time of the collision, Defendant Baugh was operating a motor vehicle recklessly and without due and proper regard for the safety of persons or property in violation of O.C.G.A. § 40-6-390, which is negligence per se.

13.

Defendant Baugh was operating a vehicle in violation of O.C.G.A. § 40-6-241 by failing

to exercise due care in the operation of the vehicle, which is negligence per se.

14.

Defendant Baugh was traveling too fast for conditions in violation of <u>O.C.G.A.</u> § 40-6-180, which is negligence per se.

15.

Defendant Baugh was following too closely in violation of <u>O.C.G.A.</u> § 40-6-49, which is negligence per se.

16.

Defendant Baugh's negligence was the sole proximate cause of the collision and Plaintiff's injuries and damages.

17.

Plaintiff did nothing to cause or contribute to the collision.

## <u>COUNT II – NEGLIGENCE OF DEFENDANT LAQUINTON BAUGH</u>

18.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 17 above as if fully restated.

19.

Defendant Baugh was negligent in driving too fast for conditions.

20.

Defendant Baugh was negligent in following too closely.

21.

Defendant Baugh was negligent in failing to keep a proper lookout for traffic and in failing to exercise due care.

22.

Defendant Baugh was negligent for failing to undertake necessary precautions to keep from colliding with Plaintiff's vehicle.

23.

Defendant Baugh's negligence was a proximate cause of the collision and Plaintiff's injuries and damages.

24.

Plaintiff did nothing to cause or contribute to the collision.

## COUNT III – VICARIOUS LIABILITY OF DEFENDANT FEDEX CUSTOM CRITICAL, INC.

25.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 24 above as if fully restated.

26.

Defendant FedEx owned the tractor-trailer driven by Defendant Baugh at the time of the subject collision.

27.

At the time of the wreck, Defendant Baugh was an employee of Defendant FedEx and was in the course and scope of his employment with Defendant FedEx.

28.

Defendant FedEx is responsible for the negligence of Defendant Baugh under the theories of vicarious liability and respondeat superior.

## COUNT IV – NEGLIGENT HIRING, TRAINING & SUPERVISION BY DEFENDANT FEDEX CUSTOM CRITICAL, INC.

29.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 28 above as if fully restated.

30.

Defendant FedEx was negligent in hiring Defendant Baugh and entrusting him to drive a commercial motor vehicle.

31.

Defendant FedEx was negligent in failing to properly train Defendant Baugh.

32.

Defendant FedEx was negligent in failing to properly supervise Defendant Baugh.

33.

Defendant FedEx's negligence in hiring Defendant Baugh and entrusting him with driving a commercial motor vehicle and failing to train and supervise him properly was a proximate cause of the collision and Plaintiff's injuries and damages.

## COUNT V – NEGLIGENT INSPECTION, MAINTENANCE & REPAIR BY DEFENDANT FEDEX CUSTOM CRITICAL, INC. AND DEFENDANT LAQUINTON BAUGH

34.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 33 above as if fully restated.

35.

Defendants FedEx and Baugh were negligent in failing to properly inspect, maintain and repair the tractor-trailer driven by Defendant Baugh.

36.

Defendants' negligence in failing to properly inspect, maintain and repair the truck driven by Defendant Baugh was a proximate cause of the collision and Plaintiff's injuries and damages.

## COUNT VI- DIRECT ACTION

37.

Plaintiff realleges and incorporates herein the allegations contained in the paragraphs 1 through 36 above as if fully restated.

38.

Defendant Protective Insurance is subject to a direct action as the insurer for Defendant FedEx pursuant to O.C.G.A. § 40-2-140.

39.

Defendant Protective Insurance was the insurer of Defendant FedEx at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for interstate transportation.

40.

Defendants FedEx and Protective Insurance are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

41.

Defendant Protective Insurance is responsible for any judgment rendered against Defendant FedEx and Defendant Baugh.

## COUNT VII – DAMAGES

42.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1

through 41 above as if fully restated.

43.

As a direct and proximate result of the negligent acts by Defendants, Plaintiff suffered substantial injuries and damages, including past and future medical expenses, past and future mental and physical pain and suffering, and permanent disability.

44.

As a direct and proximate result of the negligent acts by Defendants, Plaintiff suffered orthopedic injuries requiring surgery.

45.

As a direct and proximate result of the negligent acts by Defendants, Plaintiff has incurred past medical expenses in excess of one hundred seventeen thousand dollars ($117,000.00) and will continue to incur future medical expenses.

46.

As a direct and proximate result of the negligent acts by Defendants, Plaintiff has been unable to work and has a claim for lost wages.

## COUNT VIII – PUNITIVE DAMAGES

47.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 46 above as if fully restated.

48.

Defendant Baugh acted with willful disregard for the safety and well-being of the public, including Plaintiff, when he negligently and recklessly drove his vehicle.

49.

Defendant Baugh's conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of his actions and entitles Plaintiff to an award of punitive damages.

**WHEREFORE**, Plaintiff prays that she have a trial on all issues and judgment against Defendants as follows:

a. That Plaintiff recovers the full value of her past and future medical expenses and past and future lost wages in an amount to be proven at trial;

b. That Plaintiff recovers for past, present and future physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c. That Plaintiff recovers for loss of enjoyment of life in an amount to be determined by the enlightened conscience of a jury;

d. That Plaintiff recovers reasonable attorney's fees and costs of litigation and any statutory penalties allowed by law on the basis that the Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense;

e. An award of punitive damages in an amount sufficient to deter future similar conduct by the Defendant; and

f. That Plaintiff recovers such other and further relief as is just and proper.

This Complaint is served upon you together with Plaintiff's First Request for Admissions, First Interrogatories and First Requests for Production of Documents to Defendants.

This 7th  day of February, 2019.

/s/ Tyler H. Bridgers
Tyler H. Bridgers
Georgia Bar No. 160740
Attorney for Plaintiff

The Simon Law Firm, P.C.
2860 Piedmont Road NE, Suite 210
Atlanta, GA 30305
678-608-2788
Fax: 404-841-8534

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2019000182**
PEP
**FEB 07, 2019 12:03 PM**

*Michele B. Gardner*
Michele B. Gardner, Clerk of State Court
Henry County, Georgia

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| LOUISE YARBRA, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE NO. |
| FEDEX CUSTOM CRITICAL, INC., | ) | |
| PROTECTIVE INSURANCE | ) | |
| COMPANY, and LAQUINTON BAUGH | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## CERTIFICATE OF SERVING DISCOVERY MATERIAL

COMES NOW, counsel for Plaintiff herein, and pursuant to the local rules of court, hereby certify that true and correct copies of the following documents were served upon Defendants via hand delivery attached to the Summons and Complaint:

1. PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS;

2. PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT LAQUINTON BAUGH; and

3. PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT FEDEX CUSTOM CRITICAL, INC.

This 7th day of February, 2019.

/s/ Tyler H. Bridgers
Tyler H. Bridgers
Georgia Bar No. 160740
Attorney for Plaintiff

The Simon Law Firm, P.C.
2860 Piedmont Road NE, Suite 210
Atlanta, GA 30305
Tel: 678-608-2788
Fax: 404-841-8534

# STATE COURT OF HENRY COUNTY
# STATE OF GEORGIA

✦ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2019000182**
PEP
FEB 07, 2019 12:03 PM

*Michele B. Gardner*
Michele B. Gardner, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER  STSV2019000182

Yarbra, Louise

_____

**PLAINTIFF**

**VS.**

Fedex Custom Critical, Inc.
Protective Insurance Company
Baugh, Laquinton

_____

**DEFENDANTS**


## SUMMONS

TO THE ABOVE NAMED DEFENDANTS:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Tyler Bridgers**
> **The Simon Law Firm, P.C.**
> **2860 Piedmont Road NE**
> **Suite 210**
> **Atlanta, Georgia 30305**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 7th day of February, 2019.**

Clerk of State Court


*Michele B. Gardner*

_____

Michele B. Gardner, Clerk of State Court
Henry County, Georgia

SHERIFF'S ENTRY OF SERVICE

SC-85-2

CLERK OF STATE COURT, HENRY CO., COVINGTON, GA 30015

Civil Action No. _STSV2019000182_

Date Filed _2/7/2019_

Attorney's Address

The Simon Law Firm, PC
2860 Piedmont Road NE #210
Atlanta, GA 30305

| Superior Court | ☐ |
| State Court | ☒ |
| Juvenile Court | ☐ |
| Magistrate Court | ☐ |
| Probate Court | ☐ |

FILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

Georgia, _Henry_ COUNTY

**STSV2019000182**
**FEB 25, 2019 01:26 PM**

_Louisa Yarbra_

_Michele Gardner_
Michele B. Gardner, Clerk of State Court
Henry County, Georgia

Plaintiff

VS.

_FedEx Custom Critical, Inc. et al._

Name and Address of Party to be Served.

_FedEx Custom Critical, Inc._
_C/o The Corporation Company_
_112 N. Main Street._
_Cumming, GA 30040_

Defendant

Garnishee

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

_____

**NOTORIOUS**
☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**
☒ Served the defendant _FedEx Custom Critical Inc_ a corporation by leaving a copy of the within action and summons with _The Corp Co - Andy Lipscomb_ in charge of the office and place of doing business of said Corporation in this County.

_____

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

_____

**NON EST**
☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

_____

This _18_ day of _Feb_, 20 _19_.

_2473_

DEPUTY

SHERIFF DOCKET_____ PAGE _____

WHITE-CLERK    CANARY-PLAINTIFF    PINK-DEFENDANT

SHERIFF'S ENTRY OF SERVICE

SC-85-2

CLYDE CASTLEBERRY CO., COVINGTON, GA 30015

Civil Action No. _STSV2019000182_

Date Filed _2/7/19_

For Service as Second Original to UM Carrier

Attorney's Address

| Superior Court | ☐ | Magistrate Court | ☐ |
| State Court | ☒ | Probate Court | ☐ |
| Juvenile Court | ☐ | | |

Georgia, _Henry_ COUNTY

FILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2019000182**

FEB 25, 2019 01:26 PM

Michele B. Gardner, Clerk of State Court
Henry County, Georgia

The Simon Law Firm, PC
2860 Piedmont Road NE #210
Atlanta, GA 30305

_Louise Yancey_

Plaintiff

VS.

_FedEx Custom Critical, Inc, et al._

Name and Address

Allstate Insurance Company
c/o CT Corporation System
289 S. Culver St.
Lawrenceville, GA 30046

Defendant

Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:

age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☒ Served the defendant _Allstate Ins. Co_ a corporation

by leaving a copy of the within action and summons with _Linda Banks_

in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _19_ day of _Feb_, 20 _19_.

_Jim Casy  50300_

DEPUTY

SHERIFF DOCKET_____ PAGE _____

⚜ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2019000182**
PEP

### AFFIDAVIT OF SERVICE

| Case: STSV2019000182 | Court: STATE | County: HENRY, GA | Job: MAR 07, 2019 09:37 AM |
| --- | --- | --- | --- |
| | | | 3085257 |

| Plaintiff / Petitioner: LOUISE YARBRA | Defendant / Respondent: FEDEX CUSTOM CRITICAL,INC, PROTECTIVE INSURANCE COMPANY, BAUGH, LAQUINTON |
| --- | --- |

*Michele B Barnes, Deputy Clerk of State Court Henry County, Georgia*

| Received by: JUSTIN CASE PROCESS SERVICE | For: THE SIMON LAW FIRM, P.C. |
| --- | --- |

| To be served upon: LAQUINTON BAUGH |
| --- |

I, RICKY COOPER, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   LAQUINTON BAUGH, 319 Gatewood Ave, Nashville, TN 37207

Manner of Service:   Substitute Service - Abode, Feb 19, 2019, 10:48 am CST

Documents:   SUMMONS; CERTIFICATE OF SERVING DISCOVERY MATERIAL; PLANTIFF'S FIRST REUEST FOR ADMISSIONS ; PLANTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS (Received Feb 14, 2019 at 12:00am CST)

Additional Comments:
1) Successful Attempt: Feb 19, 2019, 10:48 am CST at 319 Gatewood Ave, Nashville, TN 37207 received by LAQUINTON BAUGH. Age: 65; Ethnicity: African American; Gender: Male; Weight: 230; Height: 6'; Hair: Black;
HAND DELIVERED TO DAVID SWINGER HIS FATHER AND CO-RESIDENT

_Ricky Cooper_   2/20/19
RICKY COOPER          Date

JUSTIN CASE PROCESS SERVICE
2817 W End Ave SUITE 126-472
Nashville, TN 37203

Subscribed and sworn to before me by the affiant who is personally known to me.

_Carol Malone_
Notary Public

2/20/19          5/6/19
Date          Commission Expires



88922

SHERIFF'S ENTRY OF SERVICE

SC-85-2

CLERK OF STATE SUPR CO., COVINGTON, GA 30015

Civil Action No. STSV 2019000182

Date Filed 2/7/2019

| | |
|---|---|
| Superior Court | ☐ |
| State Court | ☒ |
| Juvenile Court | ☐ |
| Magistrate Court | ☐ |
| Probate Court | ☐ |

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

STSV2019000182

FEB 25, 2019 01:26 PM

Michele B. Gardner, Clerk of State Court
Henry County, Georgia

Georgia, Henry COUNTY

Attorney's Address

The Simon Law Firm, PC
2860 Piedmont Road NE #210
Atlanta, GA 30305

Louise Yarbra

Plaintiff

VS.

FedEx Custom Critical, Inc. et al.

Name and Address of Party to be served

Protective Insurance Company
C/o Linda Banks
289 S. Culver Street
Lawrenceville GA 30046

Defendant

Garnishee

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL** ☐

I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS** ☐

I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION** ☒

Served the defendant Protective Ins. Co _____ a corporation
by leaving a copy of the within action and summons with Linda Banks
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐

Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This 19 day of Feb , 20 19 .

_____ So 300
DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE-CLERK    CANARY-PLAINTIFF    PINK-DEFENDANT

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

LOUISE YARBRA,

    **Plaintiff,**

vs.

FEDEX CUSTOM CRITICAL, INC.,
PROTECTIVE INSURANCE
COMPANY, AND LAQUINTON
BAUGH,

    **Defendants.**

CIVIL ACTION FILE NO.

STSV2019000182

## ANSWER AND CROSS-CLAIM OF ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY

COMES NOW, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, upon whom service of the Summons and Complaint has been made, and without waiving any of it rights or defenses, but expressly subject thereto, files this its Answer and Cross-Claim pursuant to the authority granted by O.C.G.A. § 33-7-11, and shows the Court as follows:

### FIRST DEFENSE

The Plaintiff is not entitled to recover punitive damages of Allstate.

### SECOND DEFENSE

Allstate denies it is subject to any damages whatsoever under O.C.G.A. §13-6-11 for stubborn litigiousness.

### THIRD DEFENSE

ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY has been served with a copy of the Summons and Complaint in this case, apparently on the theory of the Plaintiff that the Defendant is an uninsured motorist and that the uninsured motorist coverage provided to Louise S. Yarbra, by ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY will be relied upon in this case. In this connection, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY states that for lack of sufficient information upon which to form a belief, it can neither admit or deny that the Defendant is an uninsured motorist within the purview of the statute referred to above, or that Plaintiffs are "insured" under the terms of said

policy, nor does ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY admit the applicability of any of its coverage. ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY does not waive its rights to contest coverage, but files this response because of service upon it of the Summons and Complaint.

### FOURTH DEFENSE

ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY shows that the Plaintiff has no cause of action and has no right to proceed against it in this case in that Plaintiff has fully failed to perform the conditions precedent to maintaining this action in that Plaintiff has not obtained judgment against any person shown to be uninsured.

### FIFTH DEFENSE

The Plaintiff's Complaint fails to state a claim against ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY for which relief can be granted.

### SIXTH DEFENSE

The Plaintiff has failed to perform certain conditions precedent to the bringing of this action, with the result that Plaintiff is not entitled to recover of ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY.

### SEVENTH DEFENSE

ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY answers the paragraphs of Plaintiff's Complaint as follows:

ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, having been served in its capacity as Plaintiff's purported uninsured motorist carrier, is without knowledge sufficient to form a belief as to the truth of the allegations contained in Plaintiff's Complaint, as pled, and demands strict proof thereof.

### CROSSCLAIM

#### 1.

Defendants are subject to the jurisdiction of this Court.

#### 2.

Defendants are liable to ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY for any and all sums ALLSTATE PROPERTY & CASUALTY INSURANCE

COMPANY may be required to pay to Plaintiff, by judgment, settlement or otherwise, pursuant to O.C.G.A. §33-7-11.

WHEREFORE, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY prays that Plaintiff's Complaint be dismissed, with all costs cast against the Plaintiff, and for all further relief this Court deems just and proper.

LAW OFFICE OF NANCY W. PHILLIPS

By: _____

LaShawn W. Terry
Georgia Bar No. 702578
Attorney for Unnamed Uninsured Motorist
Carrier Allstate Property & Casualty Insurance
Company

3200 Windy Hill Road SE, Suite 925E
Atlanta, GA 30339-8554
(770) 989-5910

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

**LOUISE YARBRA,**

    **Plaintiff,**

vs.

**FEDEX CUSTOM CRITICAL, INC.,
PROTECTIVE INSURANCE
COMPANY, AND LAQUINTON
BAUGH,**

    **Defendants.**

**CIVIL ACTION FILE NO.**

**STSV2019000182**

### CERTIFICATE OF SERVICE

    This is to certify that I have on this date served a copy of the within and foregoing **ANSWER AND CROSSCLAIM OF ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY** upon:

Attorney for Plaintiff Yarbra:
Tyler H. Bridgers, Esquire
2860 Piedmont Rd. N.E., Ste 210
Atlanta, GA 30305

Co-Defendant Pro Se:
Laquinton Baugh
319 Gatewood Ave.
Nashville, TN 37207

Co-Defendant Pro Se:
Fedex Custom Critical, Inc.
1668 Austin Dr.
Decatur, GA 30032

Co-Defendant Pro Se:
Protective Insurance Company
c/o Linda Banks
289 S. Culver St.
Lawrenceville, GA 30046

by placing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage thereon to ensure delivery.

This 11th day of March _____, 2019.

LAW OFFICE OF NANCY W. PHILLIPS

By: _____

LaShawn W. Terry
Georgia Bar No. 702578
Attorney for Unnamed Uninsured Motorist
Carrier Allstate Property & Casualty Insurance
Company

3200 Windy Hill Road SE, Suite 925E
Atlanta, GA  30339-8554
(770) 989-5910

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

**LOUISE YARBRA,**

**Plaintiff,**

vs.

**FEDEX CUSTOM CRITICAL, INC.,
PROTECTIVE INSURANCE
COMPANY, AND LAQUINTON
BAUGH,**

**Defendants.**

**CIVIL ACTION FILE NO.**

**STSV2019000182**

### UM CARRIER ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY'S
### FIRST INTERROGATORIES TO DEFENDANTS

TO:  LAQUINTON BAUGH, FEDEX CUSTOM CRITICAL, INC. and PROTECTIVE INSURANCE COMPANY

COMES   NOW   ALLSTATE   PROPERTY   &   CASUALTY   INSURANCE COMPANY, served as uninsured motorist carrier in the above-styled civil action, and files these First Interrogatories to Defendants, pursuant to O.C.G.A. § 9-11-33.  Defendants are required to answer these interrogatories separately, fully and in writing, under oath, and to serve a copy of your answers upon the undersigned within thirty-three (33) days from the time said interrogatories are served upon you.

> NOTE A:  These interrogatories encompass and the answers hereto are to include and are to be based upon information and knowledge in the possession of or gathered by the Defendant(s), and agents, attorneys and servants, and all other persons who have investigated or gathered information concerning the subject matter of this litigation at the request of or on the behalf of the Defendant(s) except such information and knowledge which falls within any bonafide claim of privilege.

> NOTE B:  The Defendant(s) is under a duty to supplement the answers to these interrogatories in accordance with the provision of O.C.G.A. §9-11-26(e) as additional information becomes available to the Defendant(s).

## DEFINITION OF TERMS

When used in these Interrogatories, the following words shall have the following meanings:

"You" and "Yours" shall refer to and include the Defendant(s), agents, servants, employers, associates, investigators, attorneys, representatives and all others who may have obtained information for or on behalf of the Defendant(s).

"Documents" is used in these Interrogatories in the broad and liberal sense and means all written, typed, printed, recorded, or graphic matter, however produced or reproduced, of any kind and description, and whether an original, matter, duplicate or copy, including but not limited to papers, notes, accounts, books, advertisements, photographs, catalogs, manuals, publications, correspondence, cablegrams, mailgrams, telegrams, memoranda, interoffice and intra-office communications, reports, studies, analyses, pamphlets, calculations, projections, contracts, charts, plans, specifications, drawings, sketches, surveys, agreements, working papers, corporate records, minutes of Board of Directors or committee meetings, books of account, ledger books, notebooks, vouchers, bank checks, cashier's checks, receipts, invoices, desk calendars, appointment books, diaries, diary entries, and notes, minutes, transcriptions, telephone conversations or other negotiations, meetings or conferences or things similar to any of the foregoing and all other papers, writings or preliminary drafts of or marginal notes appearing on any document however denominated or described by the parties to whom the particular interrogatory is directed.  The answers to interrogatories concerning documents should also include information as to whether the document is an original or a copy thereof.

"Identify" or "State the identity of":

a)      When used in reference to a natural person means:

    i)      His/her full name and present or last known telephone number;

    ii)     His/her present or last known business and residence address;

    iii)    His/her present or last known occupation and position;

    iv)     His/her present or last known employer or business affiliation;

    v)      His/her occupation or position at the time in question as specified in the particular interrogatory.

b)      When used in reference to an entity means:

    i)      Its full and complete name;

    ii)     Type of entity (i.e., corporation, partnership, unincorporated association, trade name, etc.);

iii)    Location of principal place of business, or mailing address.

c)    When used in reference to a "document" means:

i)    A description of the type of document;

ii)    The identity of the person or persons who authorized or prepared it;

a)    In the case of an agreement or contract, the identity of the parties signatory;

iii)    The identity of the addressee or addressees, if any, and the recipients of the original and any copy thereof;

iv)    The title thereof, if any, and a description of the general nature of its subject matter;

v)    The date on the document, or if none, the approximate date of its preparation;

vi)    The manner of distribution and publication, if any.

"Incident: as used herein shall refer to the occurrence which is the subject of the above-styled action."

Subject to the foregoing instructions, Allstate Insurance Company propounds upon Defendant(s) the following interrogatories:

**1.**

Please state your full name, date of birth, and social security number.

**2.**

Please state each address where you have resided at any time in the past ten years, and give the inclusive dates when you resided at each such place and the identity of each such person who resided at each such place with you.

**3.**

Please state the highest grade of formal schooling completed by you, and the dates and places of any certificates or degrees received by you.

**4.**

Please state whether you have ever pled guilty to or been convicted of any crime. If so, please state the date of the alleged offense, the original charge against you, the charge of which you were convicted or to which you pled guilty, whether you pled guilty or were convicted at the

time of trial, the name and address of the court where the proceeding took place, the date of such proceeding and the final disposition, including sentence.

**5.**

Please give the number of your driver's license, the state of issue, and identify any traffic violations which you may have incurred while in use of that or any other license over the seven (7) years prior to the date of your response to this interrogatory, and the disposition of each.

**6.**

Please state whether you have ever been involved in any other legal action of any kind or description, either as a Defendant or as a Plaintiff. If so, please state the date, place, nature and result of each lawsuit, giving as to each, the case number, the name and address of the Court where the lawsuit was filed, the style of the case, attorneys representing each party, and the outcome of any such legal action, including the amount of any verdict or settlement.

**7.**

Please identify each employment, business or occupation in which you have engaged in the past ten years. As to each such employment, business or occupation, please state the name of your employer or the business, the inclusive dates when you engaged in any such activity, your position or job title and description of the activities you performed in each such position or job, where you performed the activities, the name of your supervisor, and your earnings at the commencement and at the termination of each such position.

**8.**

At the time of the occurrence which is the subject of the within litigation, please state where you were coming from, your destination, the identity of any other occupants of the vehicle in which you were riding, a detailed description of the manner in which the collision occurred, and whether you were wearing a seat belt.

**9.**

Please state whether you or anyone acting on your behalf have obtained statements from any persons regarding any of the facts and circumstances surrounding the incident alleged in Plaintiff's Complaint. If so, identify each person from whom such statement was taken, identify the person who took such statement, and identify the person having custody of such statement or true copies thereof.

**10.**

Please identify each person who to your knowledge, information or belief saw or claims to have seen the incident which is the subject of this case, any fact or circumstance relating to the incident which occurred during the thirty (30) minute period before the incident, and any fact or circumstances relating to the incident which occurred during the sixty (60) minute period following the incident. With respect to each such person, please state what he or she claims to know or to have seen.

**11.**

Please identify each person you expect to call as an expert witness at the trial of this case. As to each such witnesses, please state the subject matter on which the witness is expected to testify, a summary of the facts to which such witness is expected to testify, the opinions to which each such person is expected to testify, and a summary of the grounds for each such opinion.

**12.**

At the time of the incident referred to in the Plaintiff's Complaint against you in this action, was the vehicle being operated by you as the agent, representative, servant, or employee of any other individual, person, business, or legal entity, for either a personal or business matter? If so, please identify such other person, business or entity.

**13.**

At the time of the incident referred to in the Plaintiff's Complaint in this action against you, were you operating the vehicle for a business matter or purpose? If so, please state in detail how said vehicle was being used by you for a business matter or purpose at the time of the incident.

**14.**

At the scene of the incident, did you have a conversation with any of the police officers who investigated the incident forming the basis of Plaintiff(s)' Complaint against you in this action, and if so, please state the identity and badge number of each officer, the governing body which employed said officer, and the substance of any conversation you had with said officer.

**15.**

If you were present during any kind of conversation concerning the incident forming the basis of the Plaintiff(s)' Complaint against you in this action, excluding those between you and

your attorneys or representatives that are protected by law, at any time subsequent to said incident, please state with particularity the substance of each such conversation.

(a)    With respect to each conversation specified by you in response to this interrogatory above, please identify all persons present during such conversations, when such conversations took place, the circumstances under which those conversations occurred, and the substance of each conversation.

## 16.

Were you issued any citations or were you charged with any crimes or offenses as a result of the incident forming the basis of Plaintiff(s)' Complaint? If so, please state the issuing agency for each such charge, the name of the exact charge and applicable Code Section, the Court in which the matter wad adjudicated, the final disposition of each such charge, and the date of the final disposition.

## 17.

Please indicate all policies of liability insurance, indemnity or otherwise, which cover you for the incident as alleged in the Plaintiff(s)' Complaint. In regard to these policies, please indicate:

(a)    The name and address of the insurance company;
(b)    The policy number;
(c)    All coverages and their limits;
(d)    The named insured on the policy; and
(e)    Your relationship with the named insured on the policy.

## 18.

Has any insurer listed in your answers to interrogatory number seventeen (17) notified you or the named insured on the policy that there is no coverage, that coverage has been denied, or has reserved their rights in respect to possible coverage problems? If so, please indicate:

(a)    Their stated reason for such claim;
(b)    The date that notice was given to you or the named insured;
(c)    The name of the insurer;
(d)    The policy number; and
(e)    Whether notice of the reason was in writing or verbal.

This 11th day of March _____, 2019.

LAW OFFICE OF NANCY W. PHILLIPS

By: _____

LaShawn W. Terry
Georgia Bar No. 702578
Attorney for Unnamed Uninsured Motorist
Carrier Allstate Property & Casualty Insurance
Company

3200 Windy Hill Road SE, Suite 925E
Atlanta, GA 30339-8554
(770) 989-5910

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

**LOUISE YARBRA,**

    **Plaintiff,**

    **vs.**

**FEDEX CUSTOM CRITICAL, INC.,**
**PROTECTIVE INSURANCE**
**COMPANY, AND LAQUINTON**
**BAUGH,**

    **Defendants.**

**CIVIL ACTION FILE NO.**

**STSV2019000182**

## <u>CERTIFICATE OF SERVICE</u>

THIS IS TO CERTIFY that I have on this date served a copy of the within and foregoing ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY's First Interrogatories to Defendants upon:

Attorney for Plaintiff Yarbra:
Tyler H. Bridgers, Esquire
2860 Piedmont Rd. N.E., Ste 210
Atlanta, GA 30305

Co-Defendant Pro Se:
Laquinton Baugh
319 Gatewood Ave.
Nashville, TN 37207

Co-Defendant Pro Se:
Fedex Custom Critical, Inc.
1668 Austin Dr.
Decatur, GA 30032

Co-Defendant Pro Se:
Protective Insurance Company
c/o Linda Banks
289 S. Culver St.
Lawrenceville, GA 30046

by placing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage thereon to ensure delivery.

This 11th day of March _____, 2019.

LAW OFFICE OF NANCY W. PHILLIPS

By: _____

LaShawn W. Terry
Georgia Bar No.  702578
Attorney for Unnamed Uninsured Motorist
Carrier Allstate Property & Casualty Insurance
Company

3200 Windy Hill Road SE, Suite 925E
Atlanta, GA  30339-8554
(770) 989-5910

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **LOUISE YARBRA,** | |
| Plaintiff, | **CIVIL ACTION FILE NO.** |
| vs. | **STSV2019000182** |
| **FEDEX CUSTOM CRITICAL, INC., PROTECTIVE INSURANCE COMPANY, AND LAQUINTON BAUGH,** | |
| Defendants. | |

**ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY'S FIRST REQUEST
FORPRODUCTION OF DOCUMENTS TO DEFENDANTS**

TO: LAQUINTON BAUGH, FEDEX CUSTOM CRITICAL, INC. and PROTECTIVE
INSURANCE COMPANY

COMES NOW ALLSTATE PROPERTY & CASUALTY INSURANCE
COMPANY, served as uninsured motorist carrier in the above-styled case, and files this First
Request for Production of Documents to Defendants pursuant to O.C.G.A. §9-11-34. The
documents requested shall be produced within thirty-three (33) days after service hereof, at Law
Office of Nancy W. Phillips, 3200 Windy Hill Road SE, Suite 925E, Atlanta, GA 30339-8554.
In lieu of production of the originals of such documents, legible photocopies may be substituted
and produced.

(a)    Definition of terms: when used in this Request for Production of Documents, the
following words shall have the following meanings:

"You" and "Yours" shall refer to and include the Defendant, his agents, servants,
employers, associates, investigators, attorneys, representatives and all others who may
have obtained information for or on behalf of Defendant(s).

"Documents" is used in this Request for Production in the broad and liberal sense and
means all written, typed, printed, recorded or graphic matter, however produced or
reproduced, of any kind and description, and whether an original, master, duplicate or
copy, including but not limited to papers, noted, accounts, books, advertisements,
photographs, catalogs, manuals, publications, correspondence, cablegrams, mailgrams,

telegrams, memoranda, letters, documents, communications, including interoffice and intra-office communications, reports, studies, analyses, charts, plans, specifications, drawings, sketches, surveys, agreements, working papers, corporate records, minutes of Board of Directors or committee meetings, books of account, ledger books, notebooks, vouchers, bank checks, cashier's checks, receipts, invoices, desk calendars, appointment books, diaries, diary entries, and notes, minutes, transcriptions, of telephone conversations or other negotiations, meetings or conferences or things similar to any of the foregoing and all other papers, writings or physical things containing information including preliminary drafts of or marginal notes appearing on any document however denominated or described by the parties to whom the particular request for production of documents is directed.

Subject to the foregoing instructions, you are requested to produce and permit Allstate Insurance Company to inspect and copy each of the following documents and records:

**1.**

A complete copy or duplicate original of any report prepared by an expert witness which you may have identified in your responses to Allstate Insurance Company's First Continuing Interrogatories.

**2.**

A copy or any and all photographs, drawings, or diagrams which you may have identified in your responses to Allstate Insurance Company's First Continuing Interrogatories.

**3.**

Any photographs in your possession of the vehicles involved in the accident, the accident scene, the parties involved, any photographs that you intend to tender at trial.

**4.**

All estimates of repair costs, drafts reflecting payments and/or documents relating to property damage incurred as a result of the incident referenced in the Complaint.

**5.**

Please produce each and every insurance agreement, including, but not limited to, automobile liability, general business liability, homeowner's liability, umbrella, excess, etc., under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this lawsuit or to indemnify or reimburse for payments made to satisfy the judgment.

**6.**

With respect to each and every insurance agreement produced, please produce the corresponding Declarations Page or Declarations Sheet.

**7.**

Please produce a copy of any citations in your custody, and any transcript of any traffic court hearing or any other judicial or quasi-judicial hearing related to this lawsuit.

This 11<u>th</u> day of March<u>          </u>, 2019.

LAW OFFICE OF NANCY W. PHILLIPS

By: <u>*LaShawn W. Terry*                    </u>

LaShawn W. Terry
Georgia Bar No. 702578
Attorney for Unnamed Uninsured Motorist
Carrier Allstate Property & Casualty Insurance
Company

3200 Windy Hill Road SE, Suite 925E
Atlanta, GA 30339-8554
(770) 989-5910

3

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

**LOUISE YARBRA,**

    **Plaintiff,**

vs.

**FEDEX CUSTOM CRITICAL, INC.,
PROTECTIVE INSURANCE
COMPANY, AND LAQUINTON
BAUGH,**

    **Defendants.**

**CIVIL ACTION FILE NO.**

**STSV2019000182**

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that I have on this date served a copy of the within and foregoing ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY's First Request for Production of Documents to Defendants upon:

Attorney for Plaintiff Yarbra:
Tyler H. Bridgers, Esquire
2860 Piedmont Rd. N.E., Ste 210
Atlanta, GA 30305

Co-Defendant Pro Se:
Laquinton Baugh
319 Gatewood Ave.
Nashville, TN 37207

Co-Defendant Pro Se:
Fedex Custom Critical, Inc.
1668 Austin Dr.
Decatur, GA 30032

Co-Defendant Pro Se:
Protective Insurance Company
c/o Linda Banks
289 S. Culver St.
Lawrenceville, GA 30046

by placing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage thereon to ensure delivery.

This 11th day of March_____, 2019.

LAW OFFICE OF NANCY W. PHILLIPS

By: _____
    LaShawn W. Terry
    Georgia Bar No.  702578
    Attorney for Unnamed Uninsured Motorist
    Carrier Allstate Property & Casualty Insurance
    Company

3200 Windy Hill Road SE, Suite 925E
Atlanta, GA  30339-8554
(770) 989-5910

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

LOUISE YARBRA,

      **Plaintiff,**

vs.

FEDEX CUSTOM CRITICAL, INC.,
PROTECTIVE INSURANCE
COMPANY, AND LAQUINTON
BAUGH,

      **Defendants.**

**CIVIL ACTION FILE NO.**

**STSV2019000182**

### ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY'S FIRST INTERROGATORIES TO PLAINTIFF

TO:    Louise S. Yarbra
       c/o Tyler H. Bridgers
       2860 Piedmont Rd NE Ste 210
       Atlanta GA 30305

**NOW COMES ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY,** served as uninsured motorist carrier in the above-styled civil action, and files their First Interrogatories to Plaintiff pursuant to O.C.G.A. §9-11-33. The Plaintiff is required to answer these interrogatories separately, fully and in writing, under oath, and to serve a copy of your answers upon the undersigned within thirty-three (33) days from the time said interrogatories are served upon you.

    **NOTE A**: These interrogatories encompass and the answers hereto are to include and are to be based upon information and knowledge in the possession of or gathered by the Plaintiff(s), and his/her agents, attorneys and servants, and all other persons who have investigated or gathered information concerning the subject matter of this litigation at the request of or on the behalf of the Plaintiff(s) except such information and knowledge which falls within any bonafide claim of privilege.

    **NOTE B**: The Plaintiff(s) is under a duty to supplement the answers to these interrogatories in accordance with the provision of O.C.G.A. §9-11-26(e) as additional information becomes available to the Plaintiff(s).

### DEFINITION OF TERMS

When used in these Interrogatories, the following words shall have the following meanings:

"You" and "Yours" shall refer to and include the Plaintiff(s), his/her/their agents, servants, employers, associates, investigators, attorneys, representatives and all others who may have obtained information for or on behalf of the Plaintiff(s).

"Identify" or "State the identity of":

a)      When used in reference to a natural person means:

   i)      His/her full name and present or last known telephone number;
   ii)     His/her present or last known business and residence address;
   iii)    His/her present or last known occupation and position;
   iv)     His/Her present or last known employer or business affiliation;
   v)      His/Her occupation or position at the time in question as specified in the particular interrogatory.

b)      When used in reference to an entity means:

   i)      Its full and complete name;
   ii)     Type of entity (i.e., corporation, partnership, unincorporated association, trade name, etc.);
   iii)    Location of principal place of business, or mailing address.

"Incident" shall refer to the occurrence which is the subject of the above-styled action.

"Practitioner of the healing arts" shall refer to and include all physicians with medical licenses; osteopaths; chiropractors; physical therapists; physician osteopath or chiropractic assistant; licensed nurses and anyone engaged in nursing duties without being formally licensed.

"Event of injury" shall mean any incident or event wherein you sustained any bodily injury requiring any examination or care by any practitioner of the healing arts.

Subject to the foregoing instructions, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY propounds upon Plaintiff(s) the following Interrogatories:

**1.**

Please state your present full name and any previous full names (if changed by marriage or otherwise), your date of birth, and social security number.

2

**2.**

Please state each address where you have resided at any time during the last ten years to the present time, and give the inclusive dates when you resided at each such place and the identity of each such person who resided with you at each address.

**3.**

Please state the highest grade of formal schooling completed by you, and the dates and places of any certificates or degrees received by you.

**4.**

Please state whether you have ever been arrested and/or convicted of a crime. If yes, please identify the date and charge against you and the Court where such charge was handled

**5.**

Please state whether you have ever been involved in any other legal action of any kind or description, either as a Defendant or as a Plaintiff. If so, please identify the lawsuit by listing a complete case-style or name of each lawsuit in as complete a detail as the case-style of this lawsuit, and state the outcome of any such lawsuit, (i.e., the amount of any verdict or settlement).

**6.**

Before or after the commencement of this lawsuit, have you ever made any other claim for bodily injuries of any kind against any person, or entity? If so, please state the date of the event of injury giving rise to each claim and describe fully the nature of the injuries and how the event of injury occurred, as well as stating the amount of any recovery. Please identify the person (or entity) and the insurance carrier(s) to which the claim was presented, and the claim number assigned to your claim of injury.

**7.**

Please identify each employment (including any self-employment), business or occupation in which you have engaged at any time during the past ten years through the present time. As used in this interrogatory, "identify" means to state each employer's name and address, the name of your immediate supervisor, a brief description of your duties, your rate of pay at the time of the incident, and your present rate of pay if you are still employed by same employer.

**8.**

At the time of the incident which is the subject of the within litigation, please state where you were coming from and your destination, identify any other occupants of the vehicle in which you were riding, and state a detailed description of the manner in which the incident occurred.

**9.**

Please state whether you or anyone acting on your behalf have obtained statements from any persons regarding any of the facts and circumstances surrounding the incident alleged in Plaintiff(s)' Complaint. If so, identify each person from whom such statement was taken, identify the person who took such statement, and identify the person having custody of such statement or true copies thereof.

**10.**

Please identify each person who to your knowledge, information or belief saw or claims to have seen the incident which is the subject of this case, any fact or circumstance relating to the incident which occurred during the thirty (30) minute period before the incident, and any fact or circumstances relating to the incident which occurred during the sixty (60) minute period following the incident. With respect to each such person, please state what he/she claims to know or to have seen.

**11.**

Please itemize all special damages, including the address of each provider/entity, you claim as a result of the incident which is the subject matter of the within litigation, including, but not limited to, property damage, medical expenses, drug expenses, and lost wages. Reference to other documents will not serve as a response to this interrogatory.

**12.**

Please describe each health examination and any care or treatment you have received from any practitioner of the healing arts since the incident forming the basis of the complaint, any identify each individual, including their address, who administered each such examination, care or treatment. Reference to other documents will not serve as a response to this interrogatory.

**13.**

Please identify any hospital, clinic, mental institution, or other health care facility where you have ever received either inpatient or outpatient treatment of any physical, mental, or

emotional matter at any time to the present date, not otherwise identified in your response to the preceding interrogatory, and include the address. Your response must include emergency room visits and any other treatment you have ever received, prior to or subsequent to the incident that forms the basis of your complaint.

**14.**

Please identify each practitioner of the healing arts, not otherwise identified in your prior answers to these interrogatories, who has examined or treated you for any physical, mental, or emotional matter at any time prior to the incident forming the basis of this lawsuit, and include the address.

**15.**

Describe in detail all symptoms, complaints or other residual ill effects, if any, that you now have which you claim resulted from said accident.

**16.**

Please describe fully the nature and extent of all injuries you received as a result of the incident forming the basis of the complaint.

**17.**

Please identify any activity in which you could engage before the incident that you contend you can no longer engage in as a result of the injuries received in this accident. If there is such an activity, please describe it.

**18.**

Please identify each practitioner of the healing arts who has assigned any temporary or permanent impairment or disability rating as a result of the injuries you have described in your responses to the foregoing interrogatories, and describe fully the duration of, and your understanding of the reason for, each such impairment or disability rating.

**19.**

Before or after the incident which gives rise to this lawsuit, have you sustained any other event of injury? If so, please state the date and place of each such event of injury, identify any other person(s) involved, describe fully the nature of any injuries which you sustained, and identify all health care practitioners who treated you for any effects or results of any such injury.

**20.**

Please state the total amount of all income or wages you contend that you have lost as a result of the incident forming the basis of the complaint, state the specific dates and amounts on each date you contend you lost income or wages, and state from whom you would have received such income or wages.

**21.**

Please identify each person you expect to call as an expert witness at the trial of this case. As to each such witness, please state the subject matter on which the witness is expected to testify, a summary of the facts to which such witness is expected to testify, and a summary of the grounds for each such opinion.

**22.**

Please identify all entities from which you have received, or are eligible to receive, any medical benefits or other payments of any description, directly or indirectly, to compensate you for, apply against or defray the cost of any item or special damages you claim as a result of the incident forming the basis of this complaint. For purposes of this interrogatory, you must include any health insurance providers, HMO plans, workers' compensation providers, disability income, PIP payments, medical payments policy, etc. For each entity identified, please state the identification number for any insurance policies or plans involved; the amount of available benefits from each source; and the amount of benefits that you have been paid from each source. In responding to this interrogatory, you are required to also include any entity with a claim of enforceable lien or subrogation right as set out in the following interrogatory.

23.

Please state whether any enforceable liens or subrogation rights may be asserted, and whether or not you have received notice any such lien or subrogation right may be enforced, against any potential settlement proceeds or judgment in this action. For purposes of this interrogatory, the term "enforceable liens or subrogation rights" shall include but not be limited to liens claimed under O.C.G.A. §44-14-470 et. seq. (hospital liens); O.C.G.A. §49-9-149 (Georgia Department of Medical Assistance liens); O.C.G.A. §9-9-14 (State of Georgia, Department of Human Resources, Division of Rehabilitation Services liens); 42 U.S.C.A. §1395 (y)(b)(1) or 42 U.S.C.A §1396(a)(25) (subrogation rights for Medicare benefits); and

42 U.S.C.A. §2651, et. seq. (subrogation rights arising under the Medical Care Recovery Act, i.e., for benefits paid pursuant to CHAMPUS).

LAW OFFICE OF NANCY W. PHILLIPS

By: _____

LaShawn W. Terry
Georgia Bar No. 702578
Attorney for Unnamed Uninsured Motorist
Carrier Allstate Property & Casualty Insurance
Company

3200 Windy Hill Road SE, Suite 925E
Atlanta, GA 30339-8554
(770) 989-5910

7

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

LOUISE YARBRA,

    Plaintiff,

vs.

FEDEX CUSTOM CRITICAL, INC.,
PROTECTIVE INSURANCE
COMPANY, AND LAQUINTON
BAUGH,

    Defendants.

CIVIL ACTION FILE NO.

STSV2019000182

## CERTIFICATE OF SERVICE

This is to certify that I have on this date served a copy of the within and foregoing ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY'S FIRST INTERROGATORIES TO PLAINTIFF upon:

Attorney for Plaintiff Yarbra:
Tyler H. Bridgers, Esquire
2860 Piedmont Rd. N.E., Ste 210
Atlanta, GA 30305

Co-Defendant Pro Se:
Laquinton Baugh
319 Gatewood Ave.
Nashville, TN 37207

Co-Defendant Pro Se:
Fedex Custom Critical, Inc.
1668 Austin Dr.
Decatur, GA 30032

Co-Defendant Pro Se:
Protective Insurance Company
c/o Linda Banks
289 S. Culver St.
Lawrenceville, GA 30046

by placing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage thereon to ensure delivery.

This 11ᵗʰ day of March                , 2019.

LAW OFFICE OF NANCY W. PHILLIPS

By: _____
LaShawn W. Terry
Georgia Bar No. 702578
Attorney for Unnamed Uninsured Motorist
Carrier Allstate Property & Casualty Insurance
Company

3200 Windy Hill Road SE, Suite 925E
Atlanta, GA 30339-8554
(770) 989-5910

9

**IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| **LOUISE YARBRA,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.** |
| | **STSV2019000182** |
| **vs.** | |
| **FEDEX CUSTOM CRITICAL, INC., PROTECTIVE INSURANCE COMPANY, AND LAQUINTON BAUGH,** | |
| **Defendants.** | |

**ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

TO:  Louise S. Yarbra
c/o  Tyler H. Bridgers, Esq.
        2860 Piedmont Rd NE Ste 210
        Atlanta, GA  30305

 **NOW COMES** ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, served as uninsured motorist carrier in the above-styled civil proceeding, and hereby serves the within and foregoing Request for Production of Documents upon Plaintiff(s) pursuant to O.C.G.A. §9-11-34.  The documents requested herein below shall be produced within thirty-three (33) days after service hereof, at Law Office of Nancy W. Phillips, 3200 Windy Hill Road SE, Suite 925E, Atlanta, GA  30339-8554.  In lieu of production of the originals of such documents, legible photocopies may be substituted and produced.

**DEFINITION OF TERMS**

 The terms "document" or "documents," or any synonym thereof, as used in the within and foregoing production of documents, shall be defined in the broad and liberal sense, and shall mean and include every record of every type, all written, typed, printed, recorded, or graphic matter of any kind and description, however produced or reproduced, and whether original, master duplicate, or copy, including, but not limited to, papers, notes, accounts books, advertisements, catalogs, manuals, publications, correspondence, cablegrams, mailgrams, telegrams, memoranda, (whether intraoffice or otherwise), notations, letters communications, (whether interoffice or otherwise), reports, studies, analyses, pamphlets, calculations, projections, contracts, charts, plans, specifications, graphs, writings, drawings, sketches, photographs, phone

records, films, videotapes, voice recordings, moving pictures, survey, agreements, working papers, corporate records, minutes of Board of Directors or committee meetings, books of account, ledger books, notebooks, diaries, diary entries, vouchers, bank checks, cashier's checks, money orders, check stubs, checking account records, receipts, office manuals, appraisals, evaluations, lists, journals, public relation releases, applications, invoices, desk calendars, appointment books, assignments, repair estimates, hospital records, medical records, medical invoices, statements, bills, orders, licenses, witness statements, transcripts, stenographic or handwritten materials, purchase orders, publications, periodicals, brochures, schedules, circulars, bulletins, notices, instructions, manuals, notes or transcriptions of or about telephone conversations, transcriptions or minutes of meetings, data sheets, work sheets, statistical compilations, data processing cards, computer records, computer tapes and print-outs, and other data compilations from which information can be obtained, translated. if necessary, by the respondent through detection devices into reasonably useable form, and any summary of any of the foregoing. The term "document" of "documents" or any synonym thereof shall also mean and include things similar to any of the foregoing, and all other papers, writings, or physical/tangible things containing information, including all preliminary drafts of the same or marginal notes appearing thereon. The terms "document" or "documents," or any synonym thereof, shall also mean and include every additional copy of the foregoing where such copy contains any commentary, notation, or other change whatsoever that does not appear on the original or other copy of the same. Subject to the foregoing instructions and definitions, the following Request for Production of Documents is hereby propounded upon you and your legal counsel:

## REQUEST FOR PRODUCTION OF DOCUMENTS

### 1.

A complete copy of any and all statements made by any party or witness which you may have described in your responses to Allstate Insurance Company's Continuing Interrogatories to Plaintiff(s).

### 2.

A complete copy or duplicate original of any report prepared by an expert witness which you may have identified in your responses to Allstate Insurance Company's First Continuing Interrogatories to Plaintiff(s).

### 3.

A copy or any and all photographs, drawings, or diagrams which you may have identified in your responses to Allstate Insurance Company's First Continuing Interrogatories to Plaintiff(s).

### 4.

A copy or duplicate original of all medical records, bills, and any documents which evidence any special damages which you seek in this litigation.

**5.**

Any and all medical records from any prior or subsequent accidents that you may have referred to in your responses to ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY's First Continuing Interrogatories to Plaintiff(s).

**6.**

All documents reflecting payment to you, or on your behalf, by any entity for expenses, lost wages, or damages arising from the incident referenced in your Complaint.

**7.**

A copy or duplicate original of any impairment rating that may have been assigned to you for injuries resulting from the incident which is the subject of this lawsuit.

**8.**

A copy or duplicate original of your State and Federal tax returns for the last five (5) years.

**9.**

Any photographs in your possession of the vehicles involved in the accident, the accident scene, the parties involved, any photographs that you intend to tender at trial.

**10.**

All estimates of repair costs, drafts reflecting payments and/or documents relating to property damage incurred as a result of the incident referenced in the Complaint.

**11.**

All diaries, memoranda, notes or other documents which were kept by you concerning your physical and/or mental condition from the date of the incident to the time of trial.

**12.**

All documents concerning any accident in which you were involved of personal injuries that you sustained other than those alleged to have arisen from the incident referenced in the Complaint.

**13.**

All documents, pleadings and/or exhibits filed, served or prepared in connection with any litigation involving personal injuries to which you have been a party.

**14.**

All documents concerning or relating to any claim made by you at any time for personal injuries against any person or entity, including settlement documents.

**15.**

A copy of all transcripts of any traffic court hearing, workers' compensation hearing, EEOC hearing, Social Security hearing, trial or any other judicial or quasi-judicial hearing related to any occurrence in which you claimed personal injuries.

**16.**

A copy of any deposition or sworn statement ever given by you in connection with any claim for personal injuries asserted by you.

**17.**

The application for benefits signed by you with respect to any claim for personal injury protection benefits, if applicable.

**18.**

A signed authorization, attached hereto, to release any medical records, including hospital records, concerning treatment given to you. This release will apply only to hospitals or medical doctors, facilities or clinics from which you received treatment, but do not include psychiatric or psychological facilities or treatment.

LAW OFFICE OF NANCY W. PHILLIPS

By: _____
LaShawn W. Terry
Georgia Bar No. 702578
Attorney for Unnamed Uninsured Motorist
Carrier Allstate Property & Casualty Insurance
Company

3200 Windy Hill Road SE, Suite 925E
Atlanta, GA 30339-8554
(770) 989-5910

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

**LOUISE YARBRA,**

    **Plaintiff,**

vs.

**FEDEX CUSTOM CRITICAL, INC.,**
**PROTECTIVE INSURANCE**
**COMPANY, AND LAQUINTON**
**BAUGH,**

    **Defendants.**

**CIVIL ACTION FILE NO.**

**STSV2019000182**

## CERTIFICATE OF SERVICE

    This is to certify that I have on this date served a copy of the within and foregoing ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF upon:

Attorney for Plaintiff Yarbra:
Tyler H. Bridgers, Esquire
2860 Piedmont Rd. N.E., Ste 210
Atlanta, GA 30305

Co-Defendant Pro Se:
Laquinton Baugh
319 Gatewood Ave.
Nashville, TN 37207

Co-Defendant Pro Se:
Fedex Custom Critical, Inc.
1668 Austin Dr.
Decatur, GA 30032

Co-Defendant Pro Se:
Protective Insurance Company
c/o Linda Banks
289 S. Culver St.
Lawrenceville, GA 30046

by placing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage thereon to ensure delivery.

This 11th day of March , 2019.

LAW OFFICE OF NANCY W. PHILLIPS

By: _____

LaShawn W. Terry
Georgia Bar No. 702578
Attorney for Unnamed Uninsured Motorist
Carrier Allstate Property & Casualty Insurance
Company.

3200 Windy Hill Road SE, Suite 925E
Atlanta, GA 30339-8554
(770) 989-5910

Re:     Yarbra vs. Fedex Custom Critical, Inc., et al. and Allstate
        Civil Action File Number: STSV2019000182
        In the State Court of Henry County*, Georgia

## HIPAA MEDICAL RELEASE AUTHORIZATION

To Whom It May Concern:

I, Louise S. Yarbra, authorize the release of any and all medical reports, bills, information and documents relating to any medical treatment, hospitalization, prescription drug or otherwise relating to any medical condition or expense for which I have been treated by you, from the date of the first treatment to the date of this request to any agent of the firm of Law Office of Nancy W. Phillips, upon presentation of this authorization or any photocopy thereof. This will further serve as authorization to permit photocopying of any medical records requested by Law Office of Nancy W. Phillips at its expense. This material may be used by any agent of Law Office of Nancy W. Phillips in the handling of the above lawsuit.

I understand that the information used or disclosed may be subject to re-disclosure by the person or class of persons or facility receiving it, and would then no longer be protected by federal privacy regulations. I may revoke this authorization by notifying Law Office of Nancy W. Phillips in writing of my desire to revoke it. However, I understand that any action already taken in reliance on this authorization cannot be reversed, and my revocation will not affect those actions. I understand that the medical provider to whom this authorization is furnished may not condition its treatment of me on whether or not I sign this authorization. This authorization will expire once the above lawsuit is dismissed with prejudice.

This _____ day of _____, 2019.


Signed    _____
          Louise S. Yarbra
          DOB: 3/5/98
          SSN: 8567


Subscribed and sworn to before me this
_____ day of _____, 2019.


_____
Notary Public

My Commission Expires: _____

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **LOUISE YARBRA,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.** |
| vs. | **STSV2019000182** |
| **FEDEX CUSTOM CRITICAL, INC., PROTECTIVE INSURANCE COMPANY, AND LAQUINTON BAUGH,** | |
| **Defendants.** | |

**DEMAND FOR TRIAL BY TWELVE PERSON JURY**

COMES NOW ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, and demands a trial by twelve jurors on all issues so triable.

LAW OFFICE OF NANCY W. PHILLIPS

By: _LaShawn W. Terry_

LaShawn W. Terry
Georgia Bar No. 702578
Attorney for Unnamed Uninsured Motorist
Carrier Allstate Property & Casualty Insurance
Company

3200 Windy Hill Road SE, Suite 925E
Atlanta, GA 30339-8554
(770) 989-5910

## CERTIFICATE OF SERVICE

This is to certify that I have on this date served a copy of the within and foregoing DEMAND

FOR TRIAL BY TWELVE PERSON JURY upon:

Attorney for Plaintiff Yarbra:
Tyler H. Bridgers, Esquire
2860 Piedmont Rd. N.E., Ste 210
Atlanta, GA 30305

Co-Defendant Pro Se:
Laquinton Baugh
319 Gatewood Ave.
Nashville, TN 37207

Co-Defendant Pro Se:
Fedex Custom Critical, Inc.
1668 Austin Dr.
Decatur, GA 30032

Co-Defendant Pro Se:
Protective Insurance Company
c/o Linda Banks
289 S. Culver St.
Lawrenceville, GA 30046

by placing a copy of same in the United States Mail in a properly addressed envelope with sufficient

postage thereon to ensure delivery.

This 11th day of March , 2019.

LAW OFFICE OF NANCY W. PHILLIPS

By: _LaShawn W. Terry_____

LaShawn W. Terry
Georgia Bar No. 702578
Attorney for Unnamed Uninsured Motorist
Carrier Allstate Property & Casualty Insurance
Company

3200 Windy Hill Road SE, Suite 925E
Atlanta, GA 30339-8554
(770) 989-5910

Nancy W. Phillips†*
*Senior Managing Counsel*

Marcus A. Blackwell
Sherri R. Short●
*Lead Counsel*

Lucette Alphonse
Andrea M. Avery
Tana L. Brackin
Jennifer Walker DeBaun
Nathan T. Dillard
Jacob S. Eby
Rian N. Ervin
Whitney L. Gibbs
Jason M. Gropper●
Rudy T. Harris
Anita R. Kant

*Attorney*
*(770) 989-5910*

# LAW OFFICE OF NANCY W. PHILLIPS

*Attorneys at Law*

**3200 Windy Hill Road, Suite 925E
Atlanta, Georgia 30339-8554**

*Toll Free Fax: (866) 298-5910*

**STAFF COUNSEL**
*Allstate Insurance Company
Encompass Insurance
Esurance Insurance*

***All Attorneys are Employees of Allstate Insurance Company***
*This Office is not a Partnership or a Corporation.*

*Administrative Assistant*
*(770) 989-5900*

Melissa E. Manfredi
Aaron P. Miller
Steven A. Miller
Janki V. Patel°
Lindsay L. Reese
Natalya Rice
Michael A. Rivera
Chanelle M. Robinson
LaShawn W. Terry
Ramona D. Terry
Mark M. Turner
Cedric F. West
David W. Wallace

*Arkansas
●Florida
°South Carolina
† Tennessee

*Paralegal*
*(770) 989-5915*

March 05, 2019

Clerk of Court
State Court of Henry County*
The Judicial Center, 44 John Frank Ward Blvd
McDonough, GA 30253

Re:  Yarbra vs. Fedex Custom Critical, Inc., et al. and Allstate
     State Court of Henry County*, STSV2019000182
     Our File Number: 0448680637.1

TO ALL JUDGES AND CLERKS OF COURT:

Pursuant to Uniform Superior/State Court Rule 16.1, I am writing to request a leave of absence from all court appearances in the above-styled civil action. The period of time during which I will be away from the practice of law is as follows:

**March 18, 2019 through March 22, 2019;
March 25, 2019
March 29, 2019
April 1, 2019 through April 3, 2019;
May 23, 2019 through May 24, 2019
May 27, 2019 through May 30, 2019;
June 11, 2019 through June 14, 2019
June 17, 2019
July 1, 2019 through July 5, 2019;
August 29, 2019 through August 30, 2019
September 2, 2019 through September 5, 2019;
November 25, 2019 through November 29, 2019; and
December 23, 2019 through December 27,2019
December 30, 2019 through January 2, 2020**

Clerk of the Court, State Court of Henry County*
Yarbra vs. Fedex Custom Critical, Inc., et al. and Allstate
March 05, 2019
Page 2 of 2

This leave is requested, as I will be out of town, on vacation, or in legal seminars during the above-stated period of time.

All affected judges and opposing counsel have been notified of my application for leave of absence by copy of this letter. Opposing counsel shall have ten days from the date of this Notice to object. If no objection is filed, the leave shall be granted.

Sincerely,

*LaShawn W. Terry*

LaShawn W. Terry
Georgia Bar Number: 702578

kmh

ct:    The Honorable

,
       Attorney for Plaintiff Yarbra:
       Tyler H. Bridgers, Esquire
       2860 Piedmont Rd. N.E., Ste 210
       Atlanta, GA 30305

       Co-Defendant Pro Se:
       Laquinton Baugh
       319 Gatewood Ave.
       Nashville, TN 37207

       Co-Defendant Pro Se:
       Fedex Custom Critical, Inc.
       1668 Austin Dr.
       Decatur, GA 30032

       Co-Defendant Pro Se:
       Protective Insurance Company
       c/o Linda Banks
       289 S. Culver St.
       Lawrenceville, GA 30046