IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LOUISE YARBRA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File No.: |
| v. ) | |
| ) | 1:19-cv-01288-AT |
| FEDEX CUSTOM CRITICAL, INC., ) | |
| and LAQUINTON BAUGH, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## PARTIES' CONSOLIDATED PRETRIAL ORDER

1.

There are no motions or other maters pending for consideration by the court except as noted:

**Plaintiff**:  **None, the parties will file all Motions in Limine in accordance with this Court's scheduling order.**

**Defendants:  The Defendants reserve the right to submit Motions *in limine* or any other motions warranted by any filing from the Plaintiff.**

2.

All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery.  (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall,

however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

**Plaintiff:  Furthermore, Plaintiff has complied with all requirements of Rule 26(a)(2)(c) – as Plaintiff's treating providers were not retained experts or specifically employed to provide expert testimony in this matter.  Defendants should be precluded from disclosing rebuttal witnesses at this late juncture in the case.**

**Defendants:  The Defendants assert that though the Plaintiff made a purported expert disclosure of her treating physicians, the Plaintiff's disclosure failed to meet the specific requirements of Rule 26(a)(2)(B)(i-vi) in her disclosure.  (See Doc. 19).  Specifically, the Plaintiff identified her treating physicians, but failed to provide any exhibits relied upon each identified expert, any information regarding the qualifications of each expert to offer expert testimony, including a list of all publications in the last 10 years, or a list of all other cases in which the identified experts have testified in the last 4 years.  The Defendants state that if the Court does not refuse to allow such expert testimony then the Defendants would request in the interests of fairness and justice to identify a rebuttal expert once the Plaintiff's experts have been properly identified or have been deposed.**

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

**Plaintiff**: **Plaintiff agrees that all Defendants are properly identified.**

**Defendants: Defendants agree that they are properly identified.**

4.

Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)

**There is no question as to the Court's jurisdiction, which is based upon 28 U.S.C. §§ 1332 and 1441.**

5.

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Attorney for Plaintiff:**     Joseph L. Wilson, Esq.
Georgia Bar No. 372083
J.L. Wilson Trial Law
1201 West Peachtree St NW
Suite 2383
Atlanta, GA  30309
(678) 210-1546
joseph@jlwilsontrial.com

|  |  |
|---|---|
|  | Tyler H. Bridgers, Esq.<br>Georgia Bar No.: 160740<br>The Simon Law Firm, P.C.<br>2860 Piedmont Road NE, Suite 210<br>Atlanta, GA 30305<br>(678) 608-2788<br>tyler@simon.law |
| **Attorney for Defendants:** | Kevin T. Shires, Esq.<br>Georgia Bar No.: 643290<br>Shires, Peake & Gottlieb, LLC<br>284 Main Street<br>Alpharetta, Georgia 30009<br>(678) 940-4413<br>kshires@spagattorneys.com |

6.

Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

**Plaintiff: None.**

**Defendants: Defendants do not have an objection to Plaintiff's entitlement to open and close arguments. However, the Defendants assert that if they choose not to call witnesses or introduce evidence during their portion of the case then they should be entitled to close arguments to the jury.**

7.

The captioned case shall be tried (__X__) to a jury or (_____) to the court

without a jury, or (\_\_\_\_) the right to trial by jury is disputed.[1]

8.

State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

**Plaintiff**: **Plaintiff does not request bifurcation of this case.**

**Defendants:  Defendants do not contend that bifurcation is required.**

9.

Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.

**See Attachment "A-2" for Defendants' joint questions regarding the jurors' legal qualifications to serve.**

10.

**Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.**

**Attached hereto as Attachment "B-2" are the general questions which Defendants wish to be propounded to the jurors on voir dire examination.**

---

[1] The Parties both requested a trial by jury, but the parties are also contemplating an agreement for a bench trial. If such an agreement is reached between the parties then they will immediately notify the Court of the the agreement.

The Court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

11.

State any objections to plaintiffs voir dire questions.

**None at this time.**

State any objections to defendants voir dire questions.

**None at this time.**

State any objections to the voir dire questions of the other parties, if any:

**Not applicable.**

12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed. R. Civ. P. 47(b).

**At this time, the parties do not anticipate the need for additional peremptory challenges.**

13.

State whether there is any pending related litigation. Describe briefly, including style and civil action number.

**None.**

14.

Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

15.

Attached hereto as Attachment "D" is the Defendant's outline of the case

which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

17.

The legal issues to be tried are as follows:

**By Plaintiff:**

**(a)   Liability for Negligent inspection, maintenance, and repair;**

**(b)    Proximate Causation;**

**(b)    General and Special Damages;**

**Defendants:**

**(a)    Whether LaQuinton Baugh's negligence was the proximate cause the alleged injuries to Plaintiff;**

**(b)    Whether Plaintiff's medical treatment allegedly stemming from the underlying collision was reasonable and necessary; and**

**(c)    The amount of Plaintiff's compensatory damages, if any.**

18.

Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the Defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party.  The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial.  Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included.  Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the

witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

19.

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the Defendant, and "G3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to Defendant' exhibits, and numbered white stickers to joint exhibits.

When there are multiple plaintiffs or Defendant, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

20.

The following designated portions of the testimony of the persons listed

below may be introduced by deposition:

**Plaintiff's designations:**

1. Dr. Thomas McQuail,

2. Dr. Robert Dennis,

3. Dr. Jennifer Kopach,

4. Dr. Robert Bashuk,

5. Dr. Sherry Payne,

6. Dr. Sara Sembandham,

7. Dr. Thomas Voyda,

8. Dr. Maged Doss,

9. Dr. Robert Karsch, and

10. Officer Gibbs.

    **Defendants:**

1. Timera Yarbra

2. Louise Yarbra

3. LaQuinton Baugh

4. Scott McCahan

5. Nicholas Gibbs

    Defendants do not anticipate using additional deposition testimony at this time, but reserve the right to do so if a witness is unavailable or for

impeachment purposes, cross-examination, or rebuttal. Defendants reserve the right to designate additional deposition testimony to the extent a witness who is presently available becomes unavailable prior to trial.

Any objections to the depositions of the foregoing persons or to any questions or answers in the deposition shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

21.

Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the Defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

The parties request permission to submit any supplemental trial briefs before the pre-trial conference and as necessary throughout the trial as additional evidentiary or legal questions arise.

22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

**Plaintiff: The plaintiff desires for the case to be submitted to the jury upon a general verdict.**

**Defendants**: **Defendants' joint proposed jury verdict form is set forth in Attachment "I".**

24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

**Plaintiff: The plaintiff's request one hour for opening statement, and one hour for closing.**

**Defendants**: **Defendants respectfully requests that they be entitled to additional time to open and close arguments. Defendants request that the Court grant them one hour to open and one hour to close arguments to the jury following arguments by Plaintiff.**

25.

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.[2]

26.

---

[2] See footnote number 1 regarding the potential for an agreement to try the case without a jury.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met on September 30, 2020, to discuss in good faith the possibility of settlement of this case.  The court (\_\_\_\_) has or (\_\_X\_\_) has not discussed settlement of this case with counsel.  It appears at this time that there is:

(\_\_\_\_\_) A good possibility of settlement.

(\_\_\_\_\_) Some possibility of settlement.

(\_\_\_\_\_) Little possibility of settlement.

(\_\_X\_\_) No possibility of settlement.

27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

**Defendants request that the Court specially set the case for trial as Defendant LaQuinton Baugh is a truck driver who travels throughout the United States and lives in Nashville, Tennessee, and the corporate representatives of FedEx Custom Critical reside in Greene, Ohio, and would need advance notice for any travel, especially in light of the current pandemic.**

28.

The plaintiff estimates that it will require <u>1 ½ to 2 days</u> to present her evidence.  The Defendants estimate that it will require one to one to two (1-2) days

to present their evidence. The other parties estimate that it will require (N/A) days to present their evidence. It is estimated that the total trial time is four to five (4-5) days including jury selection, opening arguments, closing arguments and jury deliberations.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (__X__) submitted by Defendants or (_____) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this _____ day of _____, 2020.

_____
AMY TOTENBERG
UNITED STATES DISTRICT JUDGE

The undersigned counsel for the Parties hereby consent to the entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

                                        Shires, Peake & Gottlieb, LLC

                                        */s/ Kevin T. Shires*
                                        KEVIN T. SHIRES
                                        State Bar No.: 643290

284 N. Main Street
Alpharetta, Georgia 30009
(678) 940-4413 (Direct)
(678) 940-4420 (Fax)
KShires@spgattorneys.com

                                        ***JL WILSON TRIAL LAW, LLC***

                                        <u>By:</u>/s/Joseph L. Wilson

                                        **Joseph L. Wilson, Esq.**
                                        Georgia Bar No. *372083*
                                        *Attorney for Plaintiff*

1201 W Peachtree Street, Suite 2383
Atlanta, Georgia 30309
Tel: (678)210-1546
Fax:  (678) 210-3102
E-mail: joseph@jlwilsontrial.com