IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LOUISE YARBRA, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| v. | ) |
| | ) FILE NO. 1:19-CV-01288 |
| FEDEX CUSTOM CRITICAL, INC., | ) |
| PROTECTIVE INSURANCE COMPANY | ) |
| And LAQUINTON BAUGH, | ) |
| | ) |
| Defendants. | ) |

**CONSOLIDATED DISCOVERY STATEMENT**

**I. Discovery Issue #1 –Dr. Gupta's Objection (Exhibit "A") to Plaintiff's Subpoena Request (Exhibit "B") for IRS Form 1099's or other financial records which show earnings as an expert witness for the past five years from Rebuttal Expert Anuj Gupta M.D. and subsequent production of documents (Exhibit "C") in response to Plaintiff's Second Subpoena Request (Exhibit "D") are insufficient and not fully responsive to Plaintiff's subpoena requests.**

**A. Non-Party Dr. Anuj Gupta's Discovery Statement**

The Court should deny Plaintiff's request for non-party Dr. Anuj Gupta's unrelated financial records because the subpoena seeks documents that are not proportional to the needs of this case and poses risks of harassment. Plaintiff purports to seek documents relevant to bias, but Dr. Gupta has already produced the documents relevant to any alleged bias in this case: evidence of the compensation he received for serving as an expert in this case. Dr. Gupta also produced a list of

previous cases where he served as an expert witness in the last five years, confirming he has not previously served as an expert for Plaintiff or Defendants. What is now at issue, however, is Plaintiff's *far different* request for financial records from other unrelated cases going back five years.

I.   **Unrelated financial records are not proportional to the needs of this case.**

The relevance of the discovery sought is marginal, at best. Whether Dr. Gupta was paid by a *different* party five years ago to serve as an expert in an *unrelated* case does not show any material bias in *this* case. On the other hand, this discovery is burdensome because Dr. Gupta does not receive IRS form 1099s for serving as an expert witness, and Dr. Gupta also does not maintain any other records of compensation from previous cases. Nevertheless, Plaintiff persists in demanding that Dr. Gupta conduct an exhaustive search for documents that—to the best of Dr. Gupta's knowledge—do not exist. Such discovery constitutes a time-consuming search for a needle in a haystack of unrelated historical files.

Courts consistently hold that discovery of unrelated financial records is not proper. For example, Judge Shoob explained (albeit in an unpublished opinion) that:

> The Court finds that requiring [the expert] to go through his thousands of files to determine a breakdown of income based upon his work as a consultant or expert places an undue burden on [the expert] . . . The substantial expense of the document review and production upon [the expert] far outweighs the benefit derived by plaintiffs, especially

where [the expert's] credibility has not yet been put into doubt. *Roseberry v. Wal-Mart Stores E., LP*, No. 1:09-CV-02497-MHS, 2010 WL 11597130, at *2 (N.D. Ga. Oct. 5, 2010). Judge Story similarly concluded that a party was "not entitled to compel the production of copies of invoices for expert fees paid . . . as such a request seems unduly burdensome to the Court." *Reynolds v. Gen. Motors Corp.*, No. 2:04-CV-0106R, 2007 WL 2908564, at *2 (N.D. Ga. Sept. 28, 2007). Similarly, other federal courts hold that discovery of experts' income in unrelated cases "is overkill." *Behler v. Hanlon*, 199 F.R.D. 553, 561 (D. Md. 2001); *Wacker v. Gehl Co.*, 157 F.R.D. 58, 59 (W.D. Mo. 1994) (holding that party was not "permitted to otherwise inquire as to [the expert's] income from consulting in cases other than the subject litigation"); *Rogers v. U.S. Navy*, 223 F.R.D. 533, 536 (S.D. Cal. 2004) (denying request for information about the total amount of income received from expert consulting); *Cary Oil Co. v. MG Ref. & Mktg., Inc.*, 257 F. Supp. 2d 751, 758 (S.D.N.Y. 2003) (holding that discovery requests of an expert's "compensation records" were not appropriate).

This request is particularly unwarranted because evidence of Dr. Gupta's compensation in other cases is available in a more usable form and at substantially lower cost from Dr. Gupta's deposition testimony. As Judge Shoob explained in *Roseberry*, deposition testimony is a "more expedient, less costly method" of obtaining the same evidence. *Roseberry*, 2010 WL 11597130, at *3.

**II.     Plaintiff's discovery carries great risk of harassment and intimidation.**

Dr. Gupta has already complied with the Federal Rules of Civil Procedure by disclosing his compensation "in the case" and a list of previous cases in which he testified information that "permit[s] full inquiry into . . . bias." Fed. R. Civ. P. 26, 2010 Committee Notes. Plaintiff's attempt to delve further into Dr. Gupta's past income exceeds the requirements of the Federal Rules and is harassing. Discovery of a nonparty expert's unrelated finances carries great risk of abuse. At best, these requests are often a "fishing expedition in discovery" that "yield[s] very little, if any, information which might aid the trier of fact." *Wacker*, 157 F.R.D. at 59. In the worst case, this discovery can "be abused . . . in an effort to harass . . . by rummaging through [expert's] personal and financial records under the guise of seeking impeachment evidence." *Cary Oil Co.*, 257 F. Supp. 2d at 757 (internal quotation omitted).

Plaintiff has not established any warrant or particular circumstances justifying such invasive discovery from Dr. Gupta in this case. If routinely allowed, this discovery will cause qualified experts like Dr. Gupta to withdraw or refrain from serving as expert witnesses. *See Wacker*, 157 F.R.D. at 59 ("permitting such indiscriminate discovery might well prevent many highly-qualified and objective experts from serving as witnesses"). Accordingly, the Court should deny Plaintiff's

request so that Dr. Gupta may serve as an expert without being subject to harassing discovery of his finances and past compensation.

B. **Plaintiff, Louise Yarbra's, Discovery Statement Response**

Plaintiff's position is that the requested documents are clearly relevant and discoverable, as they bear directly to the issues of bias and credibility with respect to his opinions in this matter. Dr. Gupta was not a treating doctor in this case, rather he was retained specifically to opine on Plaintiff's injuries on behalf of the Defendants and the insurance company. Plaintiff is entitled to know the extent of Dr. Gupta's financial ties for income received as a defense industry expert witness so that the trier of fact can be informed of any credibility or bias issues. Furthermore, defense counsel's argument that a deposition is the best form to obtain this information implies Plaintiff counsel should solely rely on the testimony of Dr. Gupta without independently verifying the veracity of the testimony.

**III. Dr. Gupta's, financial records are related and proportional to the needs of this case and Plaintiff's discovery carries no risk of harassment and intimidation.**

Under Rule 26, Federal Rules of Civil Procedure, a broad range of discovery is permitted, unless it involves a privileged matter: "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the parties seeking discovery or to the claim or defense of any other party. ..." Such discovery

encompasses not only matters pertaining to the substantive issues in a lawsuit, but also issues that may bear on credibility, and an expert witness may certainly be questioned on his possible bias. Indeed, an expert's income received is directly relevant to this issue and clearly is not "privileged." E.g. Collins vs. Wayne Corp, 621 F2d 777, 784 (5th Cir., 1980).

The United States Supreme Court held long ago in the seminal case construing the scope of Rule 26 that any information affecting the credibility of a deponent, or information that may be used to impeach a witness at trial, is subject to discovery. Hickman vs. Taylor, 329 U.S. 495, 511, 67 S.Ct. 385, 91 L.Ed. 451 (1947). See also United States vs. International Business Machines Corporation, 66 FRD 215, 218-219 (S.D. NY, 1974) (Impeachment); Renshaw vs. Ravert, 82 FRD 361, 363 (E.D. Pa., 1979) (Credibility of a deponent); Mellon vs. Cooper-Jarrett, Inc., 424 F2d 499, 501 (6th Cir., 1970) (Credibility of deponent).

A witness can be impeached by demonstrating his or her business relationship with a party. Jellibeans, Inc. vs. Skating Clubs of Georgia, Inc., 716 F2d 833, 843 (11th Cir., 1983); Collins vs. Wayne Corporation, supra. Any business or personal relationship, acts or motives that tend to show partiality may be used to impeach a witness' credibility. U.S. vs. Cravero, 545 F2d 406, 419 (5th Cir., 1976). For example, the amount of money paid by a Defendant to its expert witnesses in other matters has long been held discoverable and admissible to show the bias and

partiality of the expert witnesses. Id. at 419. Also see O.C.G.A. §24-9-68 ("The state of a witness' feelings toward the parties and his relationship to them may always be proven for the consideration of the jury"). See e.g. the court Orders of February 23 and April 29, 1998, in Hunt vs. Black and Decker (U.S.), Inc., U.S. District Court Civil Action File No. 1:96-CV-3069-WBH, and the court Order of May 9, 2000, in Williams vs. Hospital Authority of Valdosta and Lowndes County, U.S. District Court Civil Action File No. 7:98-CV-79(WDO),

In this case, Plaintiff is entitled to explore the extent of Dr. Gupta's bias, and the prevalence in which he is retained, and paid to give expert testimony on behalf of defendants and insurance companies.

This 28th day of April, 2021.

Respectfully submitted,

                                              **JOSEPH WILSON INJURY LAWYERS, LLC**

                                              */s/ Joseph L. Wilson*
                                              **JOSEPH L. WILSON**
                                              GEORGIA STATE BAR NUMBER 372083

9 DUNWOODY PARK
SUITE 111
DUNWOODY, GEORGIA 30338
678-210-1546
678-210-3102     (FAX)
JOE@JLWILSONINJURYLAWYERS.COM

CERTIFICATE OF SERVICE

    I hereby certify that I have this date served a copy of the within and foregoing Plaintiff's Brief in Support of Motion to Compel and For Costs on counsel for Defendants, via electronic filing and by depositing a true copy of same in a properly addressed envelope in the U.S. Mail, with adequate postage affixed thereto, addressed to:

Kevin Shires
Shires, Peake & Gottlieb LLC
284 N. Main Street
Alpharetta, GA 30009

And

Justin P. Gunter
303 Peachtree Street NE, Suite 3600
Atlanta, Georgia 30308

This 28th day of April, 2021.

**JOSEPH WILSON INJURY LAWYERS, LLC**

*/s/ Joseph L. Wilson*
**JOSEPH L. WILSON**
GEORGIA STATE BAR NUMBER 372083

9 DUNWOODY PARK
SUITE 111
DUNWOODY, GEORGIA 30338
678-210-1546
678-210-3102     (FAX)
JOE@JLWILSONINJURYLAWYERS.COM

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| LOUISE YARBRA, | ) |
| | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| v. | ) |
| | ) FILE NO. 1:19-CV-01288 |
| FEDEX CUSTOM CRITICAL, INC., | ) |
| PROTECTIVE INSURANCE COMPANY | ) |
| And LAQUINTON BAUGH, | ) |
| | ) |
| Defendants. | ) |

## LR 7.1(D) CERTIFICATE OF FONT COMPLIANCE

I hereby certify that the foregoing has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C), Northern District of Georgia, specifically Times New Roman 14 point.

This 28th day of April, 2021.

                                                 Respectfully submitted,

                                          **JOSEPH WILSON INJURY LAWYERS, LLC**

                                          */s/ Joseph L. Wilson*
                                          **JOSEPH L. WILSON**
                                          GEORGIA STATE BAR NUMBER 372083

9 DUNWOODY PARK
SUITE 111
DUNWOODY, GEORGIA 30338
678-210-1546
678-210-3102     (FAX)

JOE@JLWILSONINJURYLAWYERS.COM